IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**GRACE LOVE**                                                                                 **PLAINTIFF**

V.                                                  CAUSE NO. 3:11-CV-00314-CWR-LRA

**FAIRFIELD INN AND SUITES BY MARRIOTT,
FAIRFIELD INN BY MARRIOTT LIMITED
PARTNERSHIP, MARRIOTT LIMITED
PARTNERSHIP A/K/A MARRIOTT HOTEL**                    **DEFENDANTS**
**SERVICES, WHITEHALL STREET REAL
ESTATE LTD. PARTNERSHIP, NICK
VENEZUELA, AND J.P. BONAGURO**

## ORDER DENYING MOTION TO DISQUALIFY

The above-styled matter is before the Court on Plaintiff Grace Love's Motion to Disqualify and Recusal of Currie Johnson Griffin Gaines & Myers, P.A.[1] The Court has considered the request, along with the Defendants' rebuttal thereto and the ethical issues at hand, and has concluded that the motion should be denied.

On April 21, 2011, Grace Love (hereinafter "Love") filed suit[2] against Marriott International, Inc.,[3] and other defendants (hereinafter collectively "Marriott") after several items

---

[1] Motion to Disqualify and Recusal [*sic*] of Currie Johnson Griffin Gaines & Myers, P.A. [Docket No. 17].

[2] The case began in the Circuit Court of Hinds County, but on May 26, 2011, the defendants removed the matter to federal court by invoking the Court's diversity jurisdiction and by contending that two individual defendants who are Mississippi residents had been fraudulently joined. Notice of Removal [Docket No. 1] at 2-5. Love did not challenge the removal.

[3] Love's Complaint originally named a trio of Marriott defendants, but through a series of unopposed motions to substitute, the current defendants were substituted for those previously delineated. *See* Defendants' Unopposed Motion to Substitute Parties [Docket No. 10]; Defendants' Unopposed Motion to Substitute Party [Docket No. 12].

were stolen during an apparent break-in at her hotel room. Marriott removed the case to federal court on May 26, 2011, with a Notice of Removal bearing the signature of attorney Joseph W. Gill, who is a member of the law firm Currie Johnson Griffin Gaines and Myers, P.A. (hereinafter "Currie Johnson")[4]

On August 9, 2011, Love moved to disqualify Currie Johnson as defense counsel. According to Love, she is a former employee of Currie Johnson, and in her view, the firm's participation in this case would violate Rules 1.9, 1.10, and 1.11 of the Mississippi Rules of Professional Conduct because Currie Johnson "has access to Plaintiff's personnel information and personal files and may participate in discussions of Plaintiff's confidential information, i.e. Plaintiff's date of birth, social security number, previous employees [*sic*], friends and family."[5]

## ANALYSIS

The Court enjoys the inherent authority to regulate the conduct of lawyers practicing before it.[6] Questions regarding the disqualifications of attorneys are matters left to a trial court's sound discretion,[7] and when "the possibility of a conflict [of interests] ha[s] become great enough,"[8] then "the court's discretion permits it 'to nip any potential conflict of interest in the

---

[4] Notice of Removal at 6.

[5] Motion to Disqualify and Recusal of Currie Johnson Griffin Gaines & Myers, P.A. [Docket No. 17] (hereinafter "Motion to Disqualify") at 2.

[6] *In re Gopman*, 531 F.2d 262, 266 (5th Cir. 1976).

[7] *Id.*

[8] *Id.*

bud.'"[9]

On the other hand, the Sixth Amendment guarantees a litigant's right to the counsel of his choice,[10] and although it is not absolute,[11] that right "will yield only to an overriding public interest."[12]

This Court's Local Rules require attorneys to comply with the Mississippi Rules of Professional Conduct,[13] including Rules 1.9, 1.10, and Rule 1.11, all of which relate to conflicts of interest. Under Rule 1.9,

> [a] lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
>
> (b) use information relating to the representation to the disadvantage of the former client . . . .

But that command is irrelevant to the case at bar. Love does not allege that she is a former client of Currie Johnson; she contends merely that she is a former employee of the firm. Because Currie Johnson has never represented Love in any matter, the prohibitions contained in Rule 1.9 do not apply to her case.

Likewise, Rule 1.10 is inapplicable. Generally, Rule 1.10 establishes that when one

---

[9] *Id.* (quoting *Tucker v. Shaw*, 378 F.2d 304, 307 (2nd Cir. 1967)).

[10] *United States v. Sanchez Guerrero*, 546 F.3d 328, 332 (5th Cir. 2008). *See also Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1117-18 (5th Cir. 1980).

[11] *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007).

[12] *Gopman*, 531 F.2d at 268.

[13] *Owens v. First Family Fin. Servs., Inc.*, 379 F. Supp. 2d 840, 845 (S.D. Miss. 2005).

member of a law firm is disqualified from representing a client, that disqualification is imputed to each member of the firm. If any lawyer now employed by Currie Johnson had ever represented Love, then Rule 1.10 might serve to disqualify the entire firm from participating in this case. But Love has not established any independent basis for the disqualification of any single member of Currie Johnson, and therefore, there is no disqualification to impute to the rest of the firm.

Finally, Rule 1.11 also appears to carry no meaning in this case. Broadly speaking, Rule 1.11 commands that when a lawyer moves from government employment into private practice, she carries her conflicts with her. For example, Rule 1.11(a) requires that "a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee . . . ." Similarly, according to Rule 1.11(b),

> a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee[ ] may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person.

But Love does not claim that any member of the Currie Johnson firm acquired sensitive information about her while in the gainful employment of a government body. Indeed, Love does not even claim that any member of the Currie Johnson firm has ever worked in a public capacity. Accordingly, Rule 1.11 carries no force here.

Love's primary concern seems to be that, because she is a former employee of the firm, Currie Johnson possesses a personnel file that might contain "Plaintiff's date of birth, social security number, previous employees [*sic*], friends and family."[14] But as Marriott rightly argues,

---

[14] Motion to Disqualify at 2.

this is all information that probably is subject to standard discovery requests.[15] Notably, this Court recently affirmed a magistrate judge's holding that a lawyer had not violated any ethical provision by urging his client to obtain information that likely would be available later through the discovery process.[16] Likewise, in the case at bar, the fact that the information in question probably is discoverable persuades against finding a conflict of interest.

## CONCLUSION

Love's former employment at the Currie Johnson firm does not demand disqualification pursuant to Rule 1.9, Rule 1.10, or Rule 1.11 of the Mississippi Rules of Professional Conduct. Moreover, the information with which Love is concerned almost certainly will be available to Currie Johnson's clients through the normal discovery process. Therefore, Love's Motion to Disqualify is denied.

SO ORDERED this First day of December 2011.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[15] "[T]he discovery of background information such as name, address, telephone number, *date of birth*, driver's license number, and *social security number* is considered routine information in all civil discovery matters." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 n.2 (M.D. Fla. 2000) (emphasis added).

[16] *Hutson v. Mississippi Hosp. Ass'n*, 2011 WL 3793919, *2 (S.D. Miss. Aug. 24, 2011).