**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**GRACE LOVE**                                                                    **PLAINTIFF**

**V.**                                                   **CAUSE NO. 3:11-CV-00314-CWR-LRA**

**MARRIOTT INTERNATIONAL, INC.,
W2007 BRV REALTY, L.P., NICK**                              **DEFENDANTS**
**VENEZUELA, AND J.P. BONAGRURO**

<u>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**</u>

This lawsuit arises from the loss of a laptop computer, which the plaintiff contends was stolen from her hotel room during a break-in. She has moved for summary judgment[1] on her claims and relies on various pieces of evidence supporting her case.

But summary judgment is not appropriate merely because a plaintiff has procured evidence in support of her claim. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment can be entered only when all evidence, viewed in the light most favorable to the non-moving party's case, leads invariably to the conclusion that judgment as a matter of law is required.[2] That has not occurred in this case. The defense has produced evidence that, if believed, could lead a reasonable jury to believe that the plaintiff staged the burglary.[3] Clearly, if the jury reached that conclusion, then the plaintiff would not be entitled to a judgment in her

---

[1] Plaintiff's Motion for Summary Judgment [Docket No. 29].

[2] *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2008).

[3] Response in Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 31] (hereinafter "Defendants' Brief") at 5-6.

1

favor on her negligence claim.[4]

Likewise, the plaintiff has not shown that no dispute exists regarding the claim of bad faith. Specifically, the defendants dispute whether refusing to accept cash and requiring the plaintiff to pay a higher room rate amount to bad faith.[5]

The plaintiff's failure to demonstrate the absence of a factual dispute compels the Court to deny her motion for summary judgment.

SO ORDERED this Eighteenth day of June 2012.


/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[4] In the current posture of this case, with the Plaintiff having failed to conduct any discovery for the purpose of setting forth specific facts as to the existence of a genuine issue of material fact and having refused to respond to discovery propounded by the defendants, a jury might not even get the opportunity to render a verdict in this case. "Summary judgment is mandatory against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Cuevas v. E.I. DuPont de Nemours & Co.*, 956 F. Supp. 1306, 1308 (S.D. Miss. 1997). Self-serving affidavits setting forth ultimate or conclusory allegations and facts will not defeat a motion for summary judgment. *Bennett v. GEO Group, Inc.*, 2011 WL 5864674, *1 (S.D. Miss. Nov. 22, 2011); *Hubbard v. Yazoo City, Miss.*, 2011 WL 2692972, *5 (S.D. Miss. July 11, 2011).

[5] Defendants' Brief at 13-15.