**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**GRACE LOVE**                                                          **PLAINTIFF**

**V.**                                                    **CAUSE NO. 3:11-CV-00314-CWR-LRA**

**MARRIOTT INTERNATIONAL, INC.,
W2007 BRV REALTY, L.P., NICKE**                                  **DEFENDANTS**
**VENEZUELA, AND J.P. BONAGURO**

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

When a party tenders a request for admissions, the request is deemed to be admitted if no response is served within 30 days.[1]

In this unusual case, Grace Love alleges that she lost property in what she contends was a hotel break-in.[2] She filed a pro se suit against the hotel's parent company and others. On March 15, 2012, the defendants served Love with requests for admissions.[3] Among other things, the defendants asked Love to admit (1) "that the window of the hotel room . . . was broken by you or someone in your party," (2) "that no property belonging to you was stolen from the hotel room which you were occupying," (3) "that none of the [d]efendants or their agents were involved in any burglary of your property," and (4) "that you have not incurred any damages or injuries as a result of your stay."[4] For several months, Love did not respond to the requests for admissions.

---

[1] Fed. R. Civ. P. 36(a)(3).

[2] Complaint [Docket No. 1-1] at 3-5.

[3] Exhibit E to Motion for Summary Judgment [Docket No. 34-5].

[4] *Id.* at 2-3.

1

On May 4, 2012, the defendants moved for summary judgment.[5] In their view, Love's failure to respond to the requests amounted to admissions that the defendants are not liable and that Love suffered no damages.[6] In response to the defendants' motion, Love did not argue that her failure to respond was the result of a simple oversight. Nor did she immediately respond to the requests for admissions upon learning of the defendants' intent to use the admissions as a basis for summary judgment. Instead, she argued that she had provided "[a]ll of the documents related to this matter that were in [her] possession" to the Court and the defendants, and that "[a]ny other interrogatory or request is irrelevant to this matter."[7]

Love's response, when viewed in light of previous instances in which she refused to comply with deadlines and Court orders in this case,[8] demonstrated a "blatant disregard for deadlines and the Federal Rules."[9] If Love believed that the defendants' requests for admissions

---

[5] Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Docket No. 34].

[6] Memorandum in Support of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Docket No. 35] at 12.

[7] Plaintiff's Affidavit in Opposition to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Defendants' Motion for an Award of Attorneys' Fees [Docket No. 37] at 4.

[8] The Case Management Order provided a February 10, 2012, deadline for pre-discovery disclosures. Despite receiving a good faith letter from the defendants, defendants' Motion to Compel, and an April 3, 2012, Court Order requiring Love to serve the disclosures by April 13, 2012, Love did not serve the disclosures until August 20, 2012. She did so only after the Court granted the defendants' Motion for an Award of Attorneys' Fees on July 16, 2012, ordering her to pay $714.00 for the defendants' attorneys' fees incurred as a result of Love's failure to comply with the Case Management Order. *See* Order Granting Defendants' Motion for an Award of Attorneys' Fees [Docket No. 41].

[9] *Hill v. Breazeale*, 197 F. App'x 331, 337 (5th Cir. 2006) (unpublished) (affirming summary judgment when pro se plaintiff failed to timely respond to requests for admissions concerning the essential issues of plaintiff's claim).

concerned irrelevant subjects, she could have objected.[10] But Rule 36 unambiguously states that when a request goes unaddressed for more than 30 days, it is admitted.[11]

On July 30, 2012, more than three months after the responses were due, and more than two months after the defendants filed their motion for summary judgment, Love finally served her responses to the requests for admissions.[12] The defendants argue in their supplemental motion for summary judgment that Love's untimely response to the requests for admissions does not negate the fact that the requests had already been deemed admitted under Rule 36(a)(3).[13] Under Rule 36, a matter that has been admitted "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[14] Love, to this day, has not submitted a motion to withdraw or amend her admissions. Consequently, her admissions are viewed as conclusive.[15]

---

[10] Fed. R. Civ. P. 36(a)(5).

[11] Fed. R. Civ. P. 36(a)(3).

[12] *See* Notice of Service of Discovery Responses [Docket No. 43].

[13] Supplement to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Docket No. 45] at 3-6.

[14] Fed. R. Civ. P. 36(b).

[15] *See Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 549 (5th Cir. 1985) (holding that district court did not abuse its discretion in granting motion to strike party's untimely response to requests for admissions, and stating that "any matter admitted under rule 36(a) is conclusively established"); *Cottrell v. Career Inst. Inc.*, 1 F.3d 1237, *1 (5th Cir. 1993) (unpublished) (holding that district court did not err in basing summary judgment on pro se plaintiff's deemed admissions and noting that "a district court is not free to amend or withdraw Rule 36 admissions *sua sponte*"). *See also Mikesell v. Brown*, 55 F. App'x 717, *1 n.1 (5th Cir. 2002) (unpublished) (stating that pro se litigants "are not free from the rules of procedure applicable to other parties"); *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006) (stating that pro se plaintiff's "ignorance of or unfamiliarity with court proceedings does not relieve him" of the duty to know his legal rights and to abide by procedural rules).

The Fifth Circuit has concluded, under similar circumstances involving a pro se plaintiff's untimely responses to requests for admissions, that although the court is "not unsympathetic to the plight of a pro se litigant attempting to proceed through the maze of filing requirements and technical rules involved in a civil litigation," a plaintiff's "blatant disregard for deadlines and the Federal Rules" cannot be overlooked.[16] Thus, when admissions concern the essential issues of a claim and conclusively establish no liability on the part of the defendants, summary judgment is appropriate.[17]

Bound by the conclusions that the defendants played no part in any break-in and that Love suffered no damages, the Court is obligated to conclude that Love cannot prove a prima facie case of negligence.

For the foregoing reasons, the motion for summary judgment is granted. All other dispositive motions are dismissed as moot, as are all motions related to the dispositive motions. All pending motions for sanctions are denied. A Final Judgment will be entered in accordance with this Order.

SO ORDERED this 11th day of February, 2013.

    /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[16] *Hill*, 197 F. App'x at 336-37.

[17] *Id.* at 337; *see also In re Carney*, 258 F.3d 415, 421 (5th Cir. 2001) ("The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case."); *Dukes*, 770 F.2d at 548-49 (affirming summary judgment in favor of insurer when no genuine issue of material fact remained regarding whether insureds misrepresented the age of a tractor, and when the misrepresentation was deemed admitted because the insureds did not respond to requests for admissions regarding the matter for more than six months).